UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80034-CR-Marra/Matthewman

UNITED STATES OF AMERICA

v.

ANTONIO MARKEITH BEVERLY,
   a/k/a "Tony,"

          Defendant.
_____/



FILED by ____ D.C.

DEC 0 2 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## *PLEA AGREEMENT*

The United States of America and ANTONIO MARKEITH BEVERLY (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts One and Seven of the Indictment. Count One charges the defendant with conspiracy to possess with intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Count Seven charges the defendant with conspiracy to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. The United States Attorney's Office agrees to seek

dismissal of Counts Eight, Nine, Ten, Eleven and Twelve of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the

defendant may not withdraw the plea solely as a result of the sentence imposed. The defendant is also aware that the guidelines do not provide for parole.

4. The defendant also understands and acknowledges that as to each of Counts One and Seven, the Court must impose a statutory minimum term of ten (10) years imprisonment up to a statutory maximum term of life imprisonment, followed by a term of supervised release of at least five (5) years up to life. As to each of Counts One and Seven, in addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10 million dollars.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The United States and the defendant agree that, although not binding on the probation office or the Court, **they will jointly recommend that the Court impose a sentence of 228 months imprisonment**, which constitutes a variance from the anticipated guideline range of 262-327 months imprisonment.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. Although not binding on the probation office or the Court, the United States and the defendant agree that they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

Quantity of drugs: That the quantity of **cocaine base** involved in the defendant's relevant conduct, for purposes of Sections 2D1.1(a) and (c) of the Sentencing Guidelines, is 5 kilograms. The quantity of **cocaine hydrochloride** involved in the defendant's relevant conduct, for purposes of Sections 2D1.1(a) and (c) of the Sentencing Guidelines, is 176 grams. The quantity of **marijuana** involved in the defendant's relevant conduct, for purposes of Sections 2D1.1(a) and (c) of the Sentencing Guidelines, is 10 pounds.

Role in the Offense: That the defendant should receive a four level enhancement, pursuant to Section 3B1.1 of the Sentencing

Guidelines, because the defendant was an organizer or leader, and the criminal activity involved 5 or more participants or was otherwise extensive.

Firearm: That the defendant should receive a two level enhancement, pursuant to Section 2D1.1(b) of the Sentencing Guidelines, because the defendant possessed a firearm(s) during the commission of the offenses.

9. The defendant further agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853. Those assets include:

$54,000 (payment toward purchase of 11415 42nd Rd. N, West Palm Beach)
$7,230 (located in residence)
$34,000 (safe deposit box)
2008 Honda Accord, VIN No. 1HGCP36728A039713
2009 Lexus ES350, VIN No. JTHBJ46G892309670
2001 Ford F-350, VIN No. 1FTWW32FX1ED26713
KELTEC P32; SN: C3X54
GLOCK GMBH 26; SN: PXV640
GLOCK GMBH 27; SN: RZD335
KELTEC P32 loaded magazine- 8 Speer .32 auto live rounds
GLOCK 26- (10) 9mm Hornaday live rounds
GLOCK 27 loaded magazine- 10 .40 S&W live rounds=(9) Federal and (1) Hornaday
1 box of .40 caliber Hornaday ammunition
1 box of 9mm Hornaday ammunition
1 box of .32 caliber Auto Gold Dot ammunition
Dell Inspiron 560 desktop; service tag DR10CP1
Asus Eee PC 900; SN: 930AAQ183125
T-Mobile My Touch; SN: HT05WPS12226
Kyocera Metro PCS; MEID: 268435459914194264
Apple iPod Touch 32 GB

5

```
Teclast Tablet Model A12; SN: 2403W121974498
T-Mobile Samsung Galaxy SII; SN: R21C43X09VJ
T-Mobile Samsung Galaxy SIII; SN: R21C70S6B9K
T-Mobile Samsung Galaxy Note II; MN: SGH-T889
Kyocera Model C5170
Metro PCS Kyocera; MEID: 268435459913911354
Metro PCS Model ZTE C78; SN: 321582340281
Boost Mobile Model SCP3810; DEC: 268435457806612318
T-Mobile Samsung Galaxy Note II: Model SGHT889
Metro PCS ZTE Model ZTEC78
Kyocera; MEID: 268435456410295317
Metro PCS Kyocera Presto
Metro PCS Samsung Model SCH-R570
Nokia MN: 2330C-2B; IMEI: 012406/00/109072/4
T-Mobile HTC My Touch; SN: HT0ANT800589
Motorolla V220; IMEI: 355604006306971
Apple iPod 8GB; SN: 1B924J7R201.
```

The above named properties are properties constituting, or derived from, proceeds of an unlawful drug activity, or were used or intended to be used to facilitate unlawful drug activity as set forth in Counts One and Seven of the Indictment.

The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to

6

forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture count of the indictment.

Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. The defendant also consents to the destruction of the above named properties.

Defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

10. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant

to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to

sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement,

9

the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial, to cross-examine the government's witnesses, to testify in her own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements,

promises, representations, or understandings between the parties.

Date: 12/2/13    By: *Rinku Tribuiani* (signature)
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 12/2/13    By: (signature)
MICHAEL ENTIN
ATTORNEY FOR DEFENDANT

Date: 12/2/13    By: (signature)
ANTONIO MARKEITH BEVERLY
DEFENDANT

11